IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| RANDAL ARMSTRONG, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV-06-433-S-EJL |
| | ) | |
| v. | ) | **MEMORANDUM ORDER** |
| | ) | |
| GARY BARRIER, Warden SICI, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Pending before the Court is Respondent's Motion for Summary Dismissal based upon the Statute of Limitations and Procedural Default (Docket No. 7). Petitioner has received a copy of the Notice to Pro Se Litigants of the Summary Judgment Rule Requirements (Docket No. 10) and has filed a Response to the Motion for Summary Dismissal (Docket No. 11).

Having reviewed the Motions and Responses, and having considered the State Court record, the Court finds that oral argument is unnecessary to resolve the Motions. Accordingly, the Court enters the following Order.

MEMORANDUM ORDER 1

## MOTION FOR SUMMARY DISMISSAL

### A.      Standard of Law

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."   In such case, the Court construes the facts in a light most favorable to the petitioner.  When a court is considering a motion to dismiss, it may take judicial notice of facts outside the pleadings.  *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1281 (9th Cir. 1986).[1]   A court may look beyond the complaint to matters of public record, and doing so does not convert a motion for summary dismissal into a motion for summary judgment.  *Id.*   Accordingly, the Court shall take judicial notice of those portions of the state court record lodged by the parties.

The current Petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted in 1996.  Under AEDPA, a one-year period of limitation applies to an application for a writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  The one-year period begins to run from the date of one of four triggering events, as specified in 28 U.S.C. § 2244(d)(1)(A)-(D).  The most common triggering

---

[1] *abrogated on other grounds by Astoria Federal Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104, 111 S.Ct. 2166 (1991).

MEMORANDUM  ORDER  2

event occurs on the date upon which the conviction became final, either after direct appeal or after the time for seeking an appeal has expired.

The statute provides tolling (suspending) of the one-year period for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). This is called "statutory tolling."

If, after applying statutory tolling, a petitioner's petition is deemed untimely, a federal court can hear the claims only if the petitioner can establish that "equitable tolling" should be applied. In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court clarified that,"[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id.* at 418. In order to qualify for equitable tolling a circumstance must have *caused* Petitioner to be unable to file his federal Petition in time.

**B.     Factual and Procedural History**

Pursuant to a plea agreement, Petitioner pled guilty to felony eluding a peace officer and driving under the influence, in exchange for dismissal of two misdemeanor criminal charges in the First Judicial District Court, in Kootenai County, Idaho. On March 2, 2004, Petitioner was sentenced to two years fixed with two years indeterminate for the eluding charge, with a concurrent sentence of six months for the DUI. *See State's Exhibit A-1*, at pp. 33-43.

MEMORANDUM ORDER 3

On March 30, 2004, Petitioner filed a Rule 35 motion for reduction of his sentence, and on April 2, 2004, he filed a supplement to the motion. On April 16, 2004, Petitioner's motion was denied. *See State's Exhibit A-1*, at pp. 44-53. Petitioner did not appeal his convictions, sentences, or denial of his Rule 35 motion.

Nearly two years later, on March 10, 2006, Petitioner filed a third Rule 35 motion for correction of sentence. On April 12, 2006, the state district court denied the motion on the grounds that "attacks on the validity of a conviction are beyond the scope of Rule 35." *See State's Exhibit A-1*, at pp. 54-61. Petitioner did not file an appeal.

On May 19, 2006, Petitioner filed an original petition for writ of habeas corpus in the Idaho Supreme Court, challenging the legality of his conviction and sentence on the same theories previously raised in his Rule 35 motion. *See State's Exhibit B-1*. The Idaho Supreme Court denied Petitioner's petition on June 24, 2006. *State's Exhibit B-2*.

Petitioner's federal habeas corpus petition was filed on October 16, 2006. The mailing certificate on his petition states that it was given to prison officials for mailing on September 22, 2006. *See Petition* (Docket No. 1).

**C   Discussion**

Using the most generous time frames for the calculation of Petitioner's federal habeas corpus statute of limitations period, the Court finds and concludes that Petitioner missed his deadline by over one year. Respondent argues that Petitioner should not be allowed 42 days of appeal time after judgment was entered because Petitioner waived his right to appeal; however, the plea agreement preserves the right to appeal the sentence,

MEMORANDUM ORDER  4

*see State's Exhibit A-1*, at p. 34, and the judgment states there is a right to appeal, *see State's Exhibit A-1*, at p. 43.  If the Court allows Petitioner to take advantage of the appeal time, his federal Petition was still filed too late.  Petitioner filed his first Rule 35 motion during the 42-day appeal time, causing statutory tolling to begin; thus, Petitioner used none of his federal statute of limitations time during the period of time between judgment and the final order entered in his Rule 35 action.

Petitioner's Rule 35 motion was denied on April 16, 2004.  Adding an additional 42 days for appeal of that motion, the federal statute of limitations did not start running until May 28, 2004.  The time period ran untolled for 365 days until May 28, 2005, when it expired.

Petitioner's second Rule 35 motion, filed on March 10, 2006, was too late to toll the statute, as was Petitioner's original state habeas corpus petition, filed May 19, 2006. *See Ferguson v. Palmateer*, 321 F.3d 820 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").  Petitioner's Petition, filed under the mailbox rule on September 22, 2006, was over one year late.

Petitioner argues that his claim that he is being held beyond his sentence is not late because it did not accrue until March 10, 2006, when he "learned" that the maximum penalty for his offense was two and a half years, or until May 14, 2006, when he had actually completed two and a half years of incarceration.  He argues that he was sentenced under the wrong statute, I.C. § 18-112, which allowed for a maximum penalty

MEMORANDUM  ORDER 5

of up to five years' imprisonment for a felony conviction. He alleges that the correct statute, I.C. § 18-306(2) (punishment for attempts) allows for a maximum of two and one-half years imprisonment for anyone who attempts to commit a crime punishable by five years' imprisonment. He argues that he was accused of, charged with, and pled guilty to attempting to elude a peace officer, I.C. § 49-1404, subjecting him only to the penalties set forth in I.C. § 18-306(2) (punishment for attempts).

The information and the judgment in Petitioner's case refer to the crime as "eluding a police officer," but the criminal offense is defined by statute as "fleeing or attempting to elude a peace officer." I.C. § 49-1404. Petitioner's claim amounts to an argument that he should have been sentenced for "attempted" attempting to elude a peace officer. It is clear why the state courts rejected Petitioner's theory of engrafting the "attempt" sentencing statute onto a crime that is already statutorily defined as an attempt.[2]

To the extent that Petitioner asserts that his claim was not discovered and did not accrue until 2006, the Court determines that it is subject to dismissal or denial on the merits. First, because Petitioner is challenging the correctness of the state's interpretation

---

[2] The sentencing statute Petitioner wishes to apply is I.C. § 18-306(2), which states, in pertinent part, that it applies to every person "who attempts to commit any crime but fails, or is prevented or intercepted in the perpetration thereof, where no provision is made by law for the punishment of such attempts, as follows: . . . (2) for a term not exceeding one-half (1/2) the longest term of imprisonment prescribed upon a conviction of the offense so attempted." This statute does not apply to I.C. § 49-1404, because there and in I.C. § 18-112, "provision is made by law for the punishment of such attempts."

The sentencing statute actually applied was I.C. § 18-112: "Except in cases where a different punishment is prescribed by this code, every offense declared to be a felony is punishable by imprisonment in the state prison not exceeding five (5) years, or by fine not exceeding fifty thousand dollars ($50,000), or by both such fine and imprisonment."

MEMORANDUM ORDER 6

of its own criminal laws, it is a noncognizable federal habeas corpus claim.  Federal habeas corpus relief is unavailable for violations of state law or for alleged error in the interpretation or application of state law.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *Peltier v. Wright*, 15 F.3d 860, 861-62 (9th Cir.1994); *Little v. Crawford*, 449 F.3d 1075, 1082 (9th Cir. 2006) (claim that state supreme court misapplied state law or departed from its earlier decisions does not provide a ground for habeas relief); *see also Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (a petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process.").

Second, even if Petitioner's claim is construed as a constitutional claim, it is subject to denial on the merits.  For Petitioner to prevail on a theory that he is being held past his sentence and thus is being denied due process or that his sentence violates equal protection standards, he must show that the Idaho Supreme Court's rejection of his claim either:

> 1.  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2.  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Idaho Supreme Court rejected without explanation Petitioner's claims regarding his allegedly wrongful sentence.  The Ninth Circuit has instructed that, when

MEMORANDUM ORDER 7

there is no reasoned state court decision, the federal district court on habeas review is to perform an independent review of the state court record to ascertain whether the state court decision was objectively unreasonable, rather than a de novo review of the constitutional issue. *Himes v. Thompson*, 336 F.3d 848 (9th Cir. 2003) (relying on *Delgado v. Lewis*, 223 F.3d 976 (9th Cir. 2000)).

Petitioner's claim fails as a due process claim. Due process is satisfied as long as the law gives a defendant reasonable notice and an opportunity to be heard on the punishment issue prior to sentencing. *Oyler v. Boles*, 368 U.S. 448, 452 (1962) (recidivist penalty context). The United States Supreme Court has held that "state courts are the ultimate expositors of state law, and that [the federal courts] are bound by their constructions except in extreme circumstances." *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). Examples of "extreme circumstances" are where a state supreme court reinterprets a criminal statute in such a novel way as to be unforeseeable, *id*. at 691 n.10, or where a state court's interpretation of a criminal statute appears to be "an obvious subterfuge to evade consideration of a federal issue," *id*. at 691 n.11.

Nothing in the record, either factually or legally, would support an argument that the state court interpretation of the statutes at issue was novel and unforeseeable or amounts to a subterfuge to avoid federal review of a constitutional issue. The plea agreement Petitioner signed shows that he pled guilty to the correct statute, and the plea agreement specifically notes that the maximum penalty is five years. *See State's Exhibit A-1*, at p. 34. Therefore, Petitioner clearly had notice of the maximum penalty at the time

MEMORANDUM ORDER  8

he pled guilty to the offense.  The text of I.C. § 49-1404 plainly shows that "attempt" is already part of the offense.  The Court has found no Idaho case supporting Petitioner's interpretation of the statutes, and Petitioner has cited none.

Petitioner also alleges that his sentence violates the Equal Protection Clause.  The record is devoid of any indications that there are other persons similarly situated to Petitioner who were treated differently regarding the same issue.  *See Tigner v. Texas*, 310 U.S. 141, 147 (1940) ("The Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same."). As a result, Petitioner has failed to state a claim upon which relief can be granted.

Based on all of the foregoing, the Court concludes that the state court decision rejecting Petitioner's sentencing claim is not contrary to clearly established Federal law, nor is the decision based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  *See* 28 U.S.C. § 2254(d)(1)&(2).  After a review of the entire state court record, the Court also concludes that the state court decision denying Petitioner relief on this claim is not objectively unreasonable, and habeas corpus relief is not warranted.

**D.     Conclusion**

Petitioner filed his Petition beyond the statute of limitations period.  He has had opportunity, but has not attempted, to show equitable tolling should be applied to allow this Court to hear his claims.  Therefore, the Court cannot hear Petitioner's claim that the suspension of his driving privileges for the DUI conviction, together with the sentence for

MEMORANDUM  ORDER  9

the eluding an officer conviction, constitute double jeopardy, as the factual basis of this claim was known when judgment was entered.

Even if the Court accepts Petitioner's position that the challenges to his eluding a peace officer conviction were timely, the claims are either not cognizable as questions of state court interpretation of state law issues, or, if they are construed as constitutional claims, the Idaho Supreme Court's decision rejecting such claims is not objectively unreasonable. As a result, Petitioner's entire Petition is subject to dismissal with prejudice, and the Court does not reach Respondent's procedural default arguments.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion for Summary Dismissal (Docket No. 7) is GRANTED. Petitioner's Petition is dismissed with prejudice.

DATED: **June 4, 2007**

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM ORDER  10